IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00051-RLV
(5:01-CR-00006-RLV-1)

JEROME LEE BORDERS,                    )
                                       )
             Petitioner,               )
                                       )
        v.                             )
                                       )          **ORDER**
UNITED STATES OF AMERICA,              )
                                       )
             Respondent.               )
_____)

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set

Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1).  No response is necessary

from the Government. For the reasons that follow, Petitioner's Section 2255 Motion will be

DISMISSED.

## I.  BACKGROUND

On May 22, 2002, Petitioner was sentenced to a term of life imprisonment following his

conviction of conspiracy to possess with intent to distribute cocaine and cocaine base, in

violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b). Petitioner was sentenced to a concurrent term

of  240-months' imprisonment following his conviction of conspiracy to commit money

laundering, in violation of 18 U.S.C. § 1956(h). (5:01-CR-00006, Doc. No. 69: Judgment in a

Criminal Case). Petitioner's criminal judgment was affirmed on appeal to the United States

Court of Appeals for the Fourth Circuit. United States v.Borders, 69 F. App'x 130 (4th Cir. June

20, 2003) (unpublished).

On August 26, 2004, Petitioner filed a Section 2255 motion, and on December 2, 2004,

the Court dismissed Petitioner's first Section 2255 motion as being without merit. Petitioner did not appeal. (5:04-cv-00115, Doc. No. 7).

June 22, 2012, this Court dismissed his second, Section 2255 motion after finding that it was an unauthorized, successive motion under 28 U.S.C. § 2255(h). (5:12-CV-00073, Doc. No. 2). Petitioner filed a notice of appeal to the Fourth Circuit which was dismissed in a per curiam opinion on October 16, 2012. United States v. Borders, No. 12-7178 (4th Cir. Oct. 2012) (unpublished). On January 30, 2013, Petitioner's petition for rehearing and rehearing en banc was denied. United States v. Borders, No. 12-7178 (4th Cir. Jan. 20, 2013).

On March 25, 2013, Petitioner returned to this Court with his third Section 2255 motion. Petitioner contends that this present motion is not an unauthorized, successive Section 2255 motion because it is filed within one year of the date the Supreme Court of the United States filed its decisions in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012). Petitioner contends that he received ineffective assistance of counsel and argues that the holdings in Frye and Lafler announced a new rule of constitutional law that has been made retroactive to cases on collateral review.[1]

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[1] Petitioner's sworn Section 2255 motion indicates that he delivered it to prison authorities on or about March 20, 2013. The Court will find that the petition was therefore filed on that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner's argument that the decisions in <u>Frye</u> and <u>Cooper</u> are retroactive in collateral proceedings is unavailing. The Court notes that several courts have recently rejected this argument, and the Court agrees with these holdings. <u>See, e.g.</u>, <u>In re Perez</u>, 682 F.3d 930, 932-34 (11th Cir. 2012); <u>In re King</u>, 697 F.3d 1189 (5th Cir. 2012) (per curiam opinion agreeing with the holding in the Eleventh Circuit's opinion in the case <u>In re Perez</u>).

With this ruling in mind, the Court finds that the present Section 2255 motion must be dismissed unless Petitioner can demonstrate that this Court has been authorized by the Fourth Circuit to consider this petition. Based on the record before the Court, there is no evidence the Petitioner has secured the necessary authorization. This Court is therefore without jurisdiction to consider this successive petition under Section 2255 and it will be dismissed.

### III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000)

(holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 29, 2013

Richard L. Voorhees
United States District Judge